Dear Mayor Dement:
This office is in receipt of your letter dated August 1, 1995, requesting an opinion concerning the Louisiana Riverboat Economic Development and Gaming Control Act La. R.S. 4:501 et seq., ("Act"). Your question as I understand it is whether Bossier City is the only entity that may levy an admission fee under the provisions of La. R.S. 4:552, or whether Bossier Parish may also levy an admission fee.
La. R.S. 4:552 A.(1), provides as follows:
§ 552 Authorization of local governingauthorities; fees; regulation; local option
 A.(1) The local governing authority of the parish or municipality in which the licensed berth of a riverboat is located may levy an admission fee of up to two and one-half dollars for each passenger boarding or embarking upon a riverboat; provided that in Bossier Parish and Caddo Parish an admission fee of up to three dollars may be levied. For purposes of this Section, "licensed berth" shall mean the berth, dock, facility, or boarding area from which a riverboat excursion is authorized to originate by the commission or from which a riverboat is authorized by the commission to operate.
This subsection authorizes only one governing authority to levy an admission fee on a riverboat and not both the municipality and parish. Subsection 552 A.(1) uses the conjunctive "or" between parish and municipality. This indicates the Legislature intended to authorize, only the municipality to levy an admission fee upon a riverboat berthed within its corporate limits and only the parish to levy an admission fee on a riverboat berthed in an unincorporated area of the parish. In either event, only one governing authority may levy an admission fee.
La. R.S. 4:552 A.(1) was amended by Act 743 of the 1995 Regular Session to include the language . . . "that inBossier Parish and Caddo Parish an admission fee of up to threedollars may be levied." This change indicates that in either of those parishes the parish governing authority or the municipality is authorized to levy an additional fifty cent admission fee thereby increasing the total which may be levied to three dollars.
Act 743 of the 1995 Regular Session also added a new subsection specifically governing the use of the additional fee authorized to be levied in Bossier and Caddo Parishes.
La. R.S. 4:552 A.(2)(I) provides:
 In Bossier Parish, if the local governing authority levies an additional fifty cent admission fee as authorized by Paragraph (1) of this Subsection, the funds derived from this additional fee shall be used in their entirety for the parish road fund and shall be used to provide that Airline Drive from I-220 to the Linton Road Cutoff be made into a four-lane highway. After this project is completed the funds derived from this additional fee shall be used for general use in the parish road fund.
First it should be noted that this subsection applies only to the additional fifty cent fee over and above the two and one-half dollars originally authorized. In the event the municipality, in the present situation Bossier City, levies an additional fee those additional funds shall be used in accordance with the subsection. This subsection also applies to the additional funds which may be levied by the local governing authorities of Bossier Parish, Caddo Parish and other municipalities in those parishes.
In conclusion, it is the opinion of this office, that when a riverboat casino is licensed to operate in Bossier Parish or in a municipality in Bossier Parish (Bossier City) and in the event Bossier Parish or Bossier City levies an additional fifty cent admission fee as authorized by La. R.S. 4:552 A.(1), the additional funds derived from the fee shall be used for the parish road fund in accordance with La. R.S. 4:552 A.(2)(I) and further, that only one governing authority may levy an admission fee on a licensed riverboat, either the parish or municipality depending on the location of the licensed berth.
If you have any additional questions or concerns, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: Thomas A. Warner, III Assistant Attorney General
u:\data\opinion\95-340.dem